101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Evelyn DECKON and Michael Deckon, individually and on behalf
of Sam Deckon, Michael Deckon, and Anna Deckon,
infants, Plaintiffs-Appellants,
v.
Matthew CHIDEBERE, individually and as caseworker, Child
Welfare Administration; Gilda Rivas and Patricia Rivers,
individually and as supervisors, Child Welfare
Administration; Barbara Sabol, individually and as
Commissioner of Social Services of the City of New York;
Robert L. Little, individually and as Deputy Commissioner of
Social Services of the City of New York; City of New York;
Bronx-Lebanon Hospital Center; Ann Black; Marva L.
Hammons, Defendants-Appellees.
 Nos. 95-9199(L), 95-9203.
 United States Court of Appeals,
Second Circuit.
 Aug. 14, 1996.
 
 Carolyn A. Kubitschek, Lansner & Kubitschek, New York City, for Appellants.
 Kristin M. Helmers, Assistant Corporation Counsel, City of New York, New York City, for Municipal Appellees.
 Edward J. Guardaro, Jr., Bartlett, McDonough, Bastone & Monaghan, White Plains, New York, for Appellees Bronx-Lebanon Hospital Center and Ann Black.
 Present: WINTER, LEVAL, CABRANES, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Evelyn and Michael Deckon appeal from Judge McKenna's grant of summary judgment dismissing their complaint brought pursuant to 42 U.S.C. § 1983 against Bronx-Lebanon Hospital Center and several individuals associated with it ("hospital defendants"), The City of New York, and various individuals associated with the City's Department of Social Services and Child Welfare Administration ("CWA defendants").
 
 
 4
 With regard to the claim against the hospital defendants, it is undisputed that plaintiffs originally consented to the hospital's retention of their baby until she had reached a weight of approximately five pounds. The critical element missing in their evidentiary submission is evidence of a revocation of that consent and a communication of that revocation to the appropriate officials at the hospital. To fill this gap, appellants rely upon four statements in the record to the effect that they wanted to take their baby home. These statements are individually and collectively insufficient as a matter of law to allow a trier of fact to find that consent had been revoked and that the revocation had been communicated to the appropriate hospital authorities. The statements in question are general expressions of the quite natural desire of a parent to take one's baby home. Such expressions are, however, entirely consistent with a consent to allow the baby to remain in the hospital where such a stay is advisable for reasons of health. For example, Evelyn Deckon's declaration, "I told them that I wanted my baby to come home right away," is by no means a statement that the baby should be released regardless of her weight. Indeed, the very next sentence of the quoted paragraph indicates that the premise of wanting the baby to come home "right away" was the lack of a medical reason for the baby to stay any longer in the hospital. However, the record clearly establishes that this premise was wrong because the baby had not attained the five pound weight by November 9, 1992, when the statement was made, and would not attain it until well over a week later. Moreover, appellants never stated at the time of pertinent events or even in the course of this litigation that they wanted to take the baby home on November 9 regardless of weight. They have failed to establish, therefore, a communicated desire to revoke consent regardless of the baby's health. Consequently, we hold that, as a matter of law, a trier could not find that consent was withdrawn before the evening of November 18, 1992. With regard to the retention of the baby between that evening and the next morning, the facts simply do not demonstrate "deliberate indifference" by the hospital, much less conduct that is "conscience-shocking." Even applying the legal standard advanced by appellants, therefore, the judgment for the hospital defendants must be affirmed.
 
 
 5
 Summary judgment for the CWA defendants must also be affirmed because there is no evidence of any wrongdoing on their part.